**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED _____ _____ ENTERED
_____ LODGED _____ RECEIVED

SEP 5 2025

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

JEFFREY W. REICHERT,
  3812 Bruce Road
  Chesapeake, VA 23321
  Pro Se

  Plaintiff,

  v.

THOMAS J. FLECKENSTEIN,
  The Law Offices Of
  Thomas J. Fleckenstein
  100 Cathedral St, Ste 9
  Annapolis, Md 21401

  Defendant

_____\

Case No. SAG 25-CV-2946

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, Jeffrey Walter Reichert ("Plaintiff"), a Maryland attorney filing Pro Se, brings this Complaint for Legal Malpractice and Breach of Fiduciary Duty against Defendant Thomas J. Fleckenstein and The Law Offices of Thomas J. Fleckenstein, P.C. ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and each of the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs .

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the District of Maryland.

Page 1 of 7

## THE PARTIES

3.      Plaintiff Jeffrey Walter Reichert is an individual residing at 3812 Bruce Road, Chesapeake, VA 23321.

4.      Defendant Thomas J. Fleckenstein is an attorney licensed to practice law in Maryland. He is sued both in his individual capacity and through his professional corporation, The Law Offices of Thomas J. Fleckenstein, P.C., with a principal office at 100 Cathedral Street, Suite 9, Annapolis, Maryland 21401.

## FACTUAL ALLEGATIONS

5.      On or about November 12, 2020, Plaintiff retained Defendant to represent him in a custody matter in the Circuit Court for Anne Arundel County, Maryland, styled *Reichert v. Hornbeck* C-02-FM-20-001706.

6.      Plaintiff relied on Defendant to provide competent and diligent legal representation in a highly sensitive custody matter concerning Plaintiff's then 10-year-old son ("Minor Child"). The matter had a 10-year history culminating in a Final Consent Order ("FCO") being entered in Baltimore City on or about October 29, 2019, granting Plaintiff primary physical and legal custody, ending 10 years of litigation, and with an agreement to never to return to court with a mandatory mediation clause. *See Exhibit I*

7.      During the course of his representation, Defendant consistently reassured Plaintiff that based on the facts and history of the case, the existence of the FCO and the Minor Child's strong preference to only be with Plaintiff, that there was no way that custody could be changed. However, Plaintiff shockingly lost all custody of the Minor Child following a six (6) day trial that commenced September 8, 2022, resulting in a final custody order entered September 16, 2022 ("Custody Order"). *See Exhibit II.*

8.      As a result of Defendant's gross negligence, Plaintiff has not seen his Minor Child and has had little to no communication with him since the issuance of the Custody Order, despite filing two

(2) appeals, filing two (2) Modifications of Custody, a Petition for Emancipation and multiple other legal attempts to change or modify the Custody Order.

9.     Defendant committed multiple acts of legal malpractice, including but not limited to:

a)  *Failing to call multiple available witnesses who were present and ready to testify.*  Six (6) different witnesses (Dave Newton, Al Frazier, Jen Brandeen, Chris Jenkins, Wayne Lynch, Minor Child) came to seven (7) hearings from November 2020-February 2, 2022, but never testified.  Defendant refused to call them and therefore did not get the proper facts on record.

b)  *At multiple hearings, Defendant spent excessive time in chambers with the judge and opposing counsel without adequately informing or representing Plaintiff,* excluding Plaintiff from critical discussions while witnesses were waiting to testify and no evidence was being presented on the record.

c)  *Advising Plaintiff to dismiss a protective order and failing to pursue a mandatory CPS report.*  In October of 2020, Plaintiff obtained a TPO for the Minor Child against his mother based on the abuse he was enduring. Child Protective Services ("CPS") is required to do an investigation under these circumstances.  Anne Arundel County CPS did not do an investigation and Defendant advised Plaintiff to allow for the  TPO to expire since he "already had full custody" and there was "no way custody can be changed".  Had Plaintiff not taken Defendant's advice, the Custody Order would never have been issued, and he would still have custody of his son today.

d)  *Missing important court hearings and attributing absences to health issues.* On or about June 18, 2022, the day before a hearing that could have restored Plaintiff's custody, Defendant abruptly canceled, citing a medical emergency but providing no evidence of such condition. Based on this cancellation, Plaintiff was unable to see or speak to the Minor Child for the entire summer.

e) *Withdrawing from the case just five weeks prior to trial.* In late July/early August 2022, just five weeks prior to the September 2022 custody trial, Defendant withdrew from representation, leaving Plaintiff prejudiced and scrambling to retain new counsel. It wasn't until the trial commenced, the Custody Order was issued and appealed, that Plaintiff was able to determine the extent of Defendant's gross negligence and malice.

f) *Defendant failed to notice or conduct a single deposition during the entire discovery period.* Plaintiff requested this to be done on multiple occasions for the entirety of Defendant's representation of Plaintiff. This a basic and fundamental practice in a case such as this and Defendant's failure to do so deprived Plaintiff of the evidence needed to support his case. Furthermore, by the time the negligence was discovered, the discovery period had closed. The damage it caused was not realized until the Custody Order was issued.

g) *Critically, failing to designate Plaintiff's therapist, Dr. Sarah-Kate Hawkins, as an expert witness for trial, thereby preventing her testimony which was essential to rebutting concerns about Plaintiff's mental health.* This malicious error has caused even more damage to Plaintiff when it was relied on in a subsequent custody order issued by Anne Arundel County Circuit Court in March 2025 that essentially relied solely on Plaintiff's mental health as its basis. *See Exhibit III8.* In October 2021, at Defendant's suggestion, Plaintiff retained Dr. Sarah-Kate Hawkins as his treating therapist for the purpose of both documenting his mental health and testifying at trial. Defendant had more than a year to properly designate Dr. Hawkins as an expert witness but failed to do so. This failure was not discovered until trial, when the Court excluded Dr. Hawkins's essential testimony concerning Plaintiff's mental health and parental fitness. As a result, thousands of dollars Plaintiff spent on Dr. Hawkins's evaluation and preparation were wasted, and Plaintiff was left defenseless against allegations concerning his mental health.

10.    As a direct and proximate result of Defendant's negligence and breach, the court issued the Custody Order, stripping Plaintiff of all custody. Plaintiff has since incurred more than $900,000 in legal expenses attempting to restore his parental rights, has suffered severe emotional distress including PTSD, anxiety, and depression, and has experienced substantial reputational harm as both a licensed attorney and basketball coach

## COUNT I – LEGAL MALPRACTICE

11.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 as if fully set forth herein.

12.    At all relevant times, Defendant, as Plaintiff's retained attorney, owed Plaintiff a duty to exercise that degree of skill, care, and diligence commonly possessed and exercised by reasonably competent attorneys practicing under similar circumstances in Maryland.

13.    Defendant breached that duty in numerous ways, including but not limited to:

a) Failing to call available witnesses who were present and prepared to testify at critical hearings;

b) Advising Plaintiff to dismiss a protective order that could have resolved the matter, and failing to pursue a mandatory CPS report;

c) Spending excessive time in chambers with the judge and opposing counsel, excluding Plaintiff from critical discussions affecting his rights;

d) Canceling a custody hearing on the eve of trial, citing an unsupported "medical emergency";

e) Withdrawing from representation five weeks before trial, leaving Plaintiff without adequate preparation;

f) Failing to cite or utilize deposition testimony in discovery or trial; and

g) Most critically, failing to designate Plaintiff's treating therapist, Dr. Sarah-Kate Hawkins, as an expert witness, resulting in the exclusion of her essential testimony concerning Plaintiff's mental health and parental fitness.

14. Defendant's conduct fell below the applicable standard of care for attorneys practicing in Maryland family law matters and constituted professional negligence.

15. As a direct and proximate result of Defendant's malpractice, the court entered the Custody Order stripping Plaintiff of custody of his son. But for Defendant's breaches, Plaintiff would have been able to present critical testimony and evidence, maintain custody, and protect his parental rights.

16. Plaintiff has sustained severe and ongoing damages, including but not limited to:

a) The loss of custody and meaningful contact with his minor son;

b) Over $900,000 in legal expenses attempting to remedy Defendant's malpractice;

c) Severe emotional distress, PTSD, anxiety, and depression;

d) Wasted expenses for Dr. Hawkins's services; and

e) Harm to his professional reputation as both an attorney and basketball coach.

17. Defendant's conduct was not merely negligent but reckless and undertaken in conscious disregard of Plaintiff's rights, justifying an award of punitive damages to punish and deter such misconduct.

## COUNT II – BREACH OF FIDUCIARY DUTY

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17.

19. Defendant owed Plaintiff fiduciary duties of loyalty, candor, and diligence as his attorney.

20. Defendant breached those fiduciary duties through self-interest, abandonment, and failure to act in Plaintiff's best interests.

21.    As a direct and proximate result, Plaintiff suffered the damages set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey Reichert respectfully requests that the Court enter judgment in his favor and against Defendant Thomas J. Fleckenstein and The Law Offices of Thomas J. Fleckenstein, P.C., and award the following relief:

A.  Award Plaintiff compensatory damages for the harm he suffered as a result of Defendant's conduct, including financial losses, wasted litigation expenses, emotional distress, reputational harm, and the costs incurred for excluded expert testimony, in a fair and reasonable amount to be determined at trial;

B.  Award Plaintiff punitive damages against Defendant in an amount sufficient to punish, penalize, and deter such malicious misconduct;

C.  Award Plaintiff pre-judgment interest and post-judgment interest;

D.  Award Plaintiff the costs he incurred in connection with this action; and

E.  Grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 4, 2025

Respectfully submitted,

JEFFREY W. REICHERT
3812 Bruce Road
Chesapeake, VA 23321
Tel: (410) 905-2624
jeff@reliancelegalllc.com
*Pro Se*