*EXHIBIT I*

### IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | | |
|---|---|---|
| JEFFREY W. REICHERT | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 24-D-10-002538 |
| | * | |
| SARAH H. REICHERT | * | |
| [n/k/a "Hornbeck"] | | |
| | * | |
| Defendant | | |
| | *. | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### CONSENT ORDER

**UPON CONSIDERATION** of the parties' respective pleadings, motions, and other filings, all proceedings before this Court (as outlined below), all issues presented in other litigation involving the parties, and the parties' global settlement agreement as set forth herein, Plaintiff Jeffrey W. Reichert ("Plaintiff") and Defendant Sarah M. Hornbeck ("Defendant") hereby agree, and, it is, this 28th day of October 2019, by the Circuit Court for Baltimore City, hereby:

#### *Introduction*

1.    **FOUND** that the parties were divorced in this Court by Judgment of Absolute Divorce dated October 11, 2011 (the "JAD")[1]; and it is further,

2.    **FOUND** that the parties have one minor child, Grant L. Reichert (date of birth November 7, 2009); and it is further,

---

[1] The JAD was subsequently modified by a mandate remanding, in part, the proceedings from the Court of Special Appeals on May 29, 2013. *See Reichert v. Hornbeck*, 210 Md. App. 282 (2013). The term JAD as used herein shall include the original JAD as amended or changed by any subsequent Orders or Judgments modifying it as a result of that appellate mandate and remand.

1

3.      **FOUND** that, in 2016 and 2017, Plaintiff re-opened this litigation by filing *Petitions to Modify Custody*, and Defendant filed a *Counterclaim to Modify Custody* in 2017; and it is further,

4.      **FOUND** that a Magistrate's hearing was held in this Court on the competing claims to modify custody on March 14-15, 2018 (the "March 2018 Trial"); and it is further,

5.      **FOUND** that, as a result of the March 2018 Trial, the Magistrate issued Initial and Supplemental Reports and Recommendations, and Plaintiff subsequently took exceptions to the Magistrate's Initial and Supplemental Reports and Recommendations; and it is further,

### The Orders Issued at the June 4, 2019 Status Hearing

6.      **FOUND** that, on June 4, 2019, the Court conducted a status hearing on all open issues in these proceedings, including Plaintiff's pending exceptions filings; and it is further,

7.      **FOUND** that, on June 4, 2019, the Court entered, *inter alia*, an *Order Sustaining In-Part and Overruling In-Part Plaintiff's Exceptions to Magistrate's Report and Recommendations (DE# 436) and Plaintiff's Exceptions to Magistrate's Supplemental Report and Recommendations dated November 5, 2018 (DE# 464)* (the "June 4 Order on Plaintiff's Exceptions"), and in doing so, the Court issued a Scheduling Order and set the proceedings in for a *de novo* trial on October 28-31, 2019; and it is further,

8.      **FOUND** that, on June 4, 2019, the Court also entered a *Temporary Order for Custody and Access* ("June 4 Custody Order"), which was the current operative

2

custody order in these proceedings until the issuance of a Final Protective Order (as discussed below); and it is further,

9.      FOUND that, on June 4, 2019, the Court also entered an *Order Appointing Minor Child's Best Interest Attorney*; and it is further,

10.      FOUND that Defendant noted an appeal of, *inter alia*, (a) the June 4 Custody Order, and (b) the June 4 Order on Plaintiff's Exceptions, to the Court of Special Appeals ("Defendant's Appeal of June Orders"), which is pending before the appellate court in Case No. CSA-REG-0851-2019; and it is further,

11.      FOUND that Plaintiff has filed for contempt against Defendant for violating the June 4 Custody Order (and the Final Protective Order, as defined below), which is pending before the Court; and it is further,

### The August 2019 Final Protective Order

12.      FOUND that, on August 8, 2019, the Court entered a Final Protective Order against Defendant (the "FPO") in *Reichert v. Hornbeck, Circuit Court for Baltimore City Case No. 24-D-19-002574*, which is a separate protective order proceeding in this Court involving the parties hereto; a copy of the FPO is attached as Exhibit A and is incorporated as if set forth fully herein; the FPO superseded, in part, the June 4 Custody Order; and it is further,

13.      FOUND that Defendant noted an appeal of the FPO to the Court of Special Appeals ("Defendant's Appeal of FPO"), which is pending before the appellate court in Case No. Unassigned; and it is further,

14.      FOUND that Defendant has filed for contempt against Plaintiff in the FPO proceedings and a Show Cause Hearing is scheduled for November 8, 2019 at 9 a.m.; and it is further,

3

*The Anne Arundel County Tort Proceedings*

15.    **FOUND** that, in 2018, Plaintiff sued Defendant and her parents, Richard and Linda Hornbeck, in *Reichert v. Hornbeck, Circuit Court for Anne Arundel County, Case No. C-02-CV-18-002557* ("AA County Tort Suit"), which was dismissed prior to trial by the Anne Arundel County Circuit Court, and subsequently appealed by Plaintiff to the Court of Special Appeals ("Plaintiff's Appeal of AA County Tort Suit"), which is pending before the appellate court in Case No. CSA-REG-0138-2019; and it is further,

*The Parties' Global Settlement*

16.    **FOUND** that the parties have reached full and final settlement of all issues pending between them before this, or any other, Court; and it is further,

17.    **FOUND** that the parties' settlement is in the best interest of the minor child; and it is further,

18.    **FOUND** that the parties' settlement is approved by this Court; and it is further,

*All Court Proceedings to be Dismissed, Withdrawn, or Otherwise Cancelled*

19.    **ORDERED** and **AGREED** that, upon execution of this Order, the Court shall **CANCEL** and remove from the docket: (a) the trial scheduled for October 28-31, 2019 and (b) all further proceedings in this custody modification action, including (i) Plaintiff's *Petition for Contempt* against Defendant for allegedly violating the June 4 Custody Order and the FPO, (ii) Defendant's *Motion to Dismiss and/or to Transfer Venue*, (iii) the Minor Child's *Petition for Contempt for Failure to Enroll Minor Child in Health Counseling Services*, all of which are **DISMISSED WITH PREJUDICE** by stipulation of the parties; and it is further,

4

20.    **ORDERED** and **AGREED** that Defendant's Petition for Contempt filed in *Reichert v. Hornbeck, Circuit Court for Baltimore City, Case No. 24-D-19-002574* is **DISMISSED WITH PREJUDICE** by stipulation of the parties, and the Show Cause Hearing on November 8, 2019 at 9 a.m. is **CANCELLED** (a separate pleading to be filed in that case number, *see* **Exhibit B**); and it is further,

21.    .    **ORDERED** and **AGREED** that all pending appeals, including (a) Plaintiff's Appeal of AA County Tort Suit, (b) Defendant's Appeal of June Orders, and (c) Defendant's Appeal of FPO, shall be **DISMISSED WITH PREJUDICE** by stipulation of the parties (separate pleadings to be filed in those case numbers, *see* **Exhibits C, D, and E**); and it is further,

22.    **ORDERED** and **AGREED** that the June 4 Custody Order is **SUPERSEDED** in its entirety by the terms and provisions of this Consent Order; and it is further,

23.    **ORDERED** and **AGREED** that in the event of any conflict between the terms and provisions of any prior court orders, including the JAD (as amended on remand from the Court of Special Appeals in *Reichert v. Hornbeck*, 210 Md. App. 282 (2013)), and this Consent Order, the terms of this Consent Order shall control; and it is further,

*The FPO to Remain in Effect Until It Expires*

24.    **ORDERED** and **AGREED** that, except as expressly modified or amended by the terms and provisions of this Consent Order, the FPO shall remain in full force and effect until its expiration on February 8, 2020 at 11:59 p.m.; and it is further, .

*Legal Custody*

25.    **ORDERED** and **AGREED** that the parties shall have joint legal custody[2] of the minor child, but that, to the extent the parties' reach an impasse on a decision of major importance, the parties shall engage in, at least, three hours of mediation with Martin Kranitz, M.A. (or another mediator to be mutually agreed by the parties); the parties shall equally split the cost of the mediation; and, to the extent the parties are unable to resolve the issue through mediation, Plaintiff shall have tie-breaking authority to render the final decision on the disputed item; and it is further,

*School Enrollment*

26.    **ORDERED** and **AGREED** that the minor child is currently enrolled in Jones Elementary School in Anne Arundel County (where Plaintiff resides), and he shall remain enrolled in school in the district in which Plaintiff resides;[3] and it is further,

*Physical Custody and Visitation*

27.    **ORDERED** and **AGREED** that Plaintiff shall have primary physical custody of the minor child, and Defendant shall have visitation with the minor child as set forth in the FPO (i.e., every other weekend from Friday at 6 p.m. until Sunday at 6 p.m. and supervised by one of the maternal grandparents at all times[4]); except as expressly stated otherwise in this Consent Order, all other terms and provisions of the FPO relating

---

[2] Legal custody is the right and obligation to make long range decisions involving education, religious training, discipline, medical care, and other matters of major significance concerning the child's welfare.

[3] Absent some emergency or extenuating circumstances, Plaintiff's intention is to remain residing in Anne Arundel County for the foreseeable future.

[4] The maternal grandparent who is conducting the supervision shall notify Plaintiff by email no later than 5 p.m. on the Thursday prior to Defendant's visitation to confirm that he or she will be present to supervise the visitation. If Plaintiff does not receive this notification, the visitation shall be automatically cancelled.

6

to visitation of the minor child, and the conditions thereof, which shall remain in effect until its expiration on February 8, 2020 at 11:59 p.m. ; and it is further,

28.    **ORDERED** and **AGREED** that, upon expiration of the FPO, Defendant's visitation shall continue with the minor child pursuant to the same schedule as set forth in the FPO (the "Regular Schedule"), but without the requirement that such visitation shall be supervised by the maternal grandparents; and it is further,

29.    **ORDERED** and **AGREED** that, upon expiration of the FPO, Defendant shall continue to participate in the Soberlink program on a twice-daily basis for (a) so long as the parties mutually agree or (b) until one year from the date of this Order, whichever occurs first; and it is further,

30.    **ORDERED** and **AGREED** that, if *during* the pendency of the FPO, Defendant fails or misses any Soberlink tests, Plaintiff is authorized to (a) terminate the next visitation, or (b) if the visitation has commenced, immediately pick-up the minor child from Defendant's care; in such event, Plaintiff shall email or text Defendant *and* the supervisor, and instruct *the supervisor* to have the minor child available to be picked at a particular time at a particular convenient location; and it is further,

31.    **ORDERED** and **AGREED** that, if *after* the expiration of the FPO, Defendant fails or misses any Soberlink tests the *day before*, the *day she is scheduled to pick up* the minor child or *during the visitation*, Plaintiff is authorized to (a) terminate the next visitation, or (b) if the visitation has commenced, immediately pick-up the minor child from Defendant's care; in such event, Plaintiff shall email or text Defendant and instruct her to have the minor child available to be picked at a particular time at a particular convenient location; and it is further,

7

32.    **ORDERED** and **AGREED** that, both parties must bring the minor child to all scheduled activities during their visitation with the minor child. If either party is unable to bring the minor child, they must notify the other party twenty-four (24) hours in advance, and the other party may take the minor child instead. Activities include: sports practices/games, music practices/performances and any event that requires the minor child's attendance. Each party must post all such activities on Our Family Wizard.

33.    **ORDERED** and **AGREED** that, effective immediately, Plaintiff is no longer obligated to participate in the Soberlink program; and it is further,

### *Summer Visitation and Holiday Schedule*

34.    **ORDERED** and **AGREED** that Defendant shall have three weeks of visitation with the minor child during the summer, which may be three consecutive weeks or three non-consecutive weeks,[5] and Plaintiff shall have the remainder of the summer vacation (the "Vacation Schedule"); on or before March 1 of each year, the parties shall select the summer schedule as follows: in even years, Plaintiff shall have priority to select his weeks and shall notify Defendant of his selections, in writing, by March 1; and in odd years, Defendant shall have priority to select her weeks and shall notify Plaintiff of her selections, in writing, by March 1; and it is further,

35.    **ORDERED** and **AGREED** that the parties shall be permitted to travel out-of-state with the minor child with prior written notice of travel dates and location to the other party; and it is further,

---

[5] The provisions above regarding Plaintiff's ability to terminate the visitation in the event of a failed Soberlink test apply during the Vacation Schedule and Holiday Schedule as well.

36.     **ORDERED** and **AGREED** that the parties shall immediately implement the following holiday schedule at the expiration of the FPO for the minor child (the "Holiday Schedule"):[6]

   a. Thanksgiving: Plaintiff in even numbered years/Defendant in odd numbered years;

   b. Christmas Eve and Christmas Day: Plaintiff in odd numbered years/Defendant in even numbered years;

   c. Winter Break, New Year's Eve, and New Year's Day: Plaintiff in even numbered years/Defendant in odd numbered years;

   d. Spring Break and Easter: Plaintiff in odd numbered years/Defendant in even numbered years;

   e. Mother's Day and Father's Day: starting at 6:00 p.m. the day prior through 6:00 p.m. of the day of with the respective parent; and it is further,

*Child Support and Child-Related Expenses*

37.     **ORDERED** and **AGREED** that the parties shall be charged generally with the support of the minor child and that no child support payment shall be due from one party to the other; pursuant to Family Law § 12-202(a)(2), the Court finds that a deviation of the Maryland Child Support Guideline Worksheet is appropriate for the following reasons: (a) the guideline calculation would provide that Defendant is to pay Plaintiff at least $64.00 per month in child support; (b) this Consent Order differs from the guideline calculation in that Defendant is not being ordered to pay Plaintiff any child

---

[6] The Holiday Schedule shall take priority over the Vacation Schedule, which shall take priority over the Regular Schedule.

support; (c) this agreement is in the best interest of the minor child because the parties have sufficient resources to provide for the minor child while he is in each party's care; and (d) in reaching this agreement, the parties have considered the entire global settlement as being in the best interest of the minor child to end this litigation; and it is further,

38.    **ORDERED** and **AGREED** that beginning in 2020, Plaintiff shall carry the minor child on his health, dental, and vision insurance policies, at his sole cost and expense; this obligation shall end once the child reaches the age of eighteen; and it is further,

39.    **ORDERED** and **AGREED** that Plaintiff shall pay all uninsured or extraordinary medical, dental, or vision expenses for the minor child, provided that such expenses are incurred as a result of the child seeing an in-network provider; Plaintiff is not responsible for any uninsured or extraordinary expenses for out-of-network providers, unless Plaintiff agrees in advance that the minor child should be treated by such provider; the obligations set forth in this provision shall end once the child reaches the age of eighteen; and it is further,

40.    **ORDERED** and **AGREED** that Plaintiff shall pay all extracurricular expenses for the minor child for athletics and team sports; other non-athletic or non-team-sport extracurricular expenses shall be mutually agreed in advance upon by the parties, and the parties shall agree on the apportionment of costs thereof prior to enrolling in such activity; this obligation shall end once the child reaches the age of eighteen; and it is further,

41.    **ORDERED** and **AGREED** that Plaintiff shall pay college tuition for the minor child as stated in the JAD; this provision shall not create any third party

10

beneficiary rights in favor of any non-party or Grant to enforce the provisions hereof; if

Grant does not attend college, Plaintiff shall have no obligation to pay any funds, nor is

Grant entitled to claim these funds for himself; and it is further,

### *Other Agreements*

42.     **ORDERED** and **AGREED** that, pursuant to Family Law § 9-106, either

party shall provide advance written notice of at least ninety days to the other party of the

intent to relocate the permanent residence of the party or the child either within or outside

the State; and it is further,

43.     **ORDERED** and **AGREED** that the parties shall continue to use the Our

Family Wizard program to facilitate their communications; the parties agree to equally

split the cost of this program; and it is further,

44.     **ORDERED** and **AGREED** that, effective as of the date hereof, the parties

mutually release and discharge each other from all pending claims, actions, demands,

suits, damages, or losses, that either party may have against the other from the inception

of their relationship until the date this Consent Order is executed by the parties,

regardless of whether such claims are known or unknown, or have been asserted or

raised, or not; and it is further,

45.     **ORDERED** and **AGREED** that, each party shall promote the relationship

between the minor child and the other party, and neither party shall act or speak

disparagingly of the other party to or in the presence or hearing of the minor

child. Each party will foster a normal and healthy love and respect by the minor

child for the other party; and it is further,

11

46.    **ORDERED** and **AGREED** that, except as modified or amended by the terms and provisions of this Consent Order, the terms and provisions of the JAD (as amended on remand from the Court of Special Appeals in *Reichert v. Hornbeck*, 210 Md. App. 282 (2013)), shall remain in full force and effect, including but not limited to Defendant's express waiver of Plaintiff's Allegis Group Inc. Incentive Investment Plan in exchange for Plaintiff's agreement to pay for the minor child's college tuition as stated herein; and it is further,

47.    **ORDERED** and **AGREED** that the State of Maryland shall retain jurisdiction over the custody of the minor child; and it is further,

48.    **ORDERED** and **AGREED** that open court costs, if any, shall be paid equally by the parties; and it is further,

49.    **ORDERED** and **AGREED** that, upon execution of this Consent Order, this case shall be **CLOSED**.

Dana M. Middleton
Judge

_____
JUDGE, CIRCUIT COURT FOR
BALTIMORE CITY

TRUE COPY
TEST

*Marilyn Bewley*

_____
M. CLERK

12

**APPROVED AS TO FORM AND CONTENT:**

Jeffrey W. Reichert
*Plaintiff*

Alex M. Allman, Esq.
*Counsel for Plaintiff*

Sarah M. Hornbeck
*Defendant*

Brennan C. McCarthy, Esq.
*Counsel for Defendant*

Nickola N. Sybblis, Esquire
*Best Interest Attorney for Minor Child*

4811-1894-3857. v. 1

13



**MARYLAND JUDICIARY**

## Circuit Court of Maryland for Baltimore City

Courthouse East 111 North Calvert Street, Baltimore, MD 21202 Case No: 24-D-19-002574 V1    Date: 08/08/19

District Court#:    Page: 01

| JEFFREY REICHERT | Vs | SARAH HORNBECK | |
|---|---|---|---|
| 122 RIVER BREEZE PLACE | (H):(410)905-2624 | 1211 LIGHT STREET #410 | (H):(443)733-4566 |
| ARNOLD, MD 21012 | (W): | BALTIMORE, MD 21230 | (W): |

### FINAL PROTECTIVE ORDER        [ ] Amended Order

**PETITIONER**

Name (First/Middle/Last): **JEFFREY REICHERT**        Date of Birth: 04/02/1973

and any minor(s) or vulnerable adult(s) on whose behalf the        OTHER(S) TO BE PROTECTED
petition was filed. (List names and date(s) of birth.)

**GRANT REICHERT**        11/07/2009

VS.

**RESPONDENT**

**SARAH HORNBECK**

Relationship to petitioner

[ ]Spouse [ ]Former spouse

[ ]Cohabitant [ ]Children in common [ ]Parent

[X]Other Relationship CHILD

1211 LIGHT STREET #410, BALTIMORE, MD 21230

Phone: (443)733-4566

CAUTION: [ ]Weapon involved

Type:

[ ]Access to firearms(s)

| RESPONDENT IDENTIFIERS | | | | |
|---|---|---|---|---|
| SEX | RACE | DOB | HT | WT |
| F | Caucasian | 07/13/1974 | 5'8" | 115 |
| EYES | HAIR | Distinguishing Features | | |
| Brown | Brown | | | |
| VEHICLE DESCRIPTION | | | TAG NO. | |
| Toyota Camry 2011 | | | | |
| EMPLOYER | | | | |

THE COURT FINDS that under the laws of Maryland the issuing court has jurisdiction over the parties and the subject matter. The respondent was given reasonable notice and an opportunity to be heard at a protective order hearing.

THE COURT ORDERS:

That the above named respondent SHALL NOT abuse, threaten to abuse, and/or harass the petitioner and others to be protected.

[ ] The above named respondent SHALL NOT contact the protected parties by any means, except as stated in this order.

Additional terms of the order are as set forth in this document.

The terms of this Order shall be effective through 02/08/2020 at 11:59 PM.

Only the court can change this order.

### NOTICE TO RESPONDENT: PENALTIES

A violation of a Final Protective Order is a crime and law enforcement shall arrest the respondent, with or without a warrant, and take the respondent into custody if the officer has probable cause to believe that the respondent has violated any provision of the Interim, Temporary, or Final Protectice Order. Violation of this order may result in criminal prosecution, imprisonment or fine or both, or a finding of contempt. In accordance with Maryland Code, Family Law Article § 4-506(f), no respondent against whom a current final civil protective order has been entered may possess any firearm. This Protective Order shall be recognized and enforeced by the courts of any state, the District of Columbia, any U.S. Territory, tribal lands (18 U.S.C. § 2265) or Department of Defense installations (10 U.S.C. § 1561a). Crossing state, territorial, or tribal boundaries to violate this Order may result in federal imprisonment (18 U.S.C. § 2262).

Federal law provides penalties of up to $250,000 fine and 10 years in prison for possessing, transporting, shipping, or receiving any firearm or ammunition while subject to a protective order or after being convicted of a misdemeanor crime of domestic violence (18 U.S.C. § 922(g)(8) and (9) or knowingly transferring a firearm after a conviction of a misdemeanor crime of domestic violence (18 U.S.C. § 922(d)(9).

## Circuit Court of Maryland for Baltimore City

Courthouse East 111 North Calvert Street, Baltimore, MD 21202 Case No: 24-D-19-002574 V1      Date: 08/08/19

District Court#:                                   Page: 02

JEFFREY REICHERT                  Vs                  SARAH HORNBECK


Questions regarding this notice should be directed to your attorney, law enforcement agency, or the Maryland State Police Gun Licensing Division  at 410-653-4500.

After the appearance of petitioner, petitioner's counsel, respondent, respondent's counsel, and in consideration of the petition and evidence, the court makes the following findings:

I. Original Request

A. GRANT REICHERT, who is a person eligible for relief, is:
   An individual related to the respondent by blood, marriage or adoption: CHILD


B. The petitioner is:
   A person eligible for relief.


C. There is a preponderance of the evidence that the respondent committed the following act(s) of abuse:
      Statutory abuse of a child.
   On 06/25/2019
   Description of harm: Mother neglected the Minor Child by drinking and falling asleep for an extended period of time while Minor Child was in her care.

**Circuit Court of Maryland for Baltimore City**
Courthouse East 111 North Calvert Street, Baltimore, MD 21202 Case No: 24-D-19-002574 V1    Date: 08/08/19
                                                        District Court#:                      Page: 03
JEFFREY REICHERT                    Vs                  SARAH HORNBECK


Based on the foregoing findings, the court hereby ORDERS:
1. This order is effective through 02/08/2020 at 11:59 PM.

2. The respondent SHALL NOT abuse, or threaten to abuse GRANT REICHERT.

3. Custody of GRANT REICHERT is awarded to JEFFREY REICHERT.
   The child(ren) shall primarily reside with JEFFREY REICHERT.

4. Visitation with GRANT REICHERT is granted to: SARAH HORNBECK.
   every other weekend from Friday at 6:00pm to Sunday at 6:00pm:
   The following additional visitation terms also apply (eg. transportation, exchange location, name of visitation coordinator, etc.): All custody exchanges shall take place at the Southern Baltimore Police District located at 10 Cherry Hill Road, Baltimore, Maryland 21225.
   Visitation shall be supervised by One of the maternal grandparents at all times.

5. The respondent SHALL immediately surrender all firearm(s) to law enforcement agency Baltimore Police Department and refrain from possession of any firearm, for the duration of this Final Protective Order.

6. Additional Provisions
   ORDERED, that parties shall continue to excercise joint legal custody regarding the Minor Child; and it is furhter
   ORDERED, that Defendant is to refrain from consuming alcoholic beverages while in the presence of the Minor Child; and it is further
   ORDERED, that Defendant continue mental health treatment with her designated mental health provider; and it is further
   ORDERED, that pursuant to the Order of Court, issued on June 4, 2019. Defendant shall continue to comply with Sober Link testing; and it is further
   ORDERED, that parties shall enroll the Minor Child in mental health counseling services; and it is further
   ORDERED, that neither party shall make disparaging remarks regarding the other party while in the Minor Child's presence; and it is further
   ORDERED, that Minor Child is to remain enrolled at Thomas Johnson Elementary School, unless parties otherwise agree.

                              Dana M. Middleton
                                   Judge
08/08/2019          ..............................................
                    Judge Dana Middleton

Each party shall be served with a copy of this Final Protective Order.

**Circuit Court of Maryland for Baltimore City**
Courthouse East 111 North Calvert Street, Baltimore, MD 21202 Case No: 24-D-19-002574 V1    Date: 08/08/19
District Court#:                                Page: 04
JEFFREY REICHERT                Vs                SARAH HORNBECK

## CERTIFICATION OF ISSUING JUDGE

It is certified that under the laws of Maryland:
   (1) The issuing court has jurisdiction over the parties and the subject matter.
   (2) The respondent was given reasonable notice and an opportunity to be heard at a protective order
   hearing sufficient to protect the respondent's right to due process.
   (3) In the case where mutual protective orders have been issued, a cross or counter petition was filed
   and the court has made specific findings that each party was entitled to such an order.

                         Dana M. Middleton
                              Judge

08/08/2019        ..............................................
                         Judge Dana Middleton

Court: Circuit Court of Maryland for Baltimore City
Address: Courthouse East 111 North Calvert Street, Baltimore, MD 21202
Phone:            Fax: (410) 333-4389

## TRUE COPY CERTIFICATION OF FINAL PROTECTIVE ORDER
### Attestation of Clerk

I, Marilyn Bentley, clerk of the court in Baltimore City, State of Maryland, do hereby certify that this
order is a true and correct copy of the original.

         In testimony, I set my hand and affixed the seal of this court at Courthouse East 111 North
         Calvert Street, Baltimore, MD 21202, Maryland, this 29th day of July, 2019.

                              TEST

                    *Marilyn Bentley*

         ...................................................
         Marilyn Bentley MARILYN BENTLEY, CLERK

### Attestation of Judge

   I, Judge Dana Middleton, judge of the court in Baltimore City, State of Maryland, do hereby certify that
   Marilyn Bentley whose name is subscribed to the certificate of attestation, now is, and/or was at the time
   of signing and sealing the same, a clerk of this court in Baltimore City and that his/her attestation is
   in due form of law.            Dana M. Middleton
                                      Judge

07/29/2019        ..............................................
                         Judge Dana Middleton

Court: Circuit Court of Maryland for Baltimore City
Address: Courthouse East 111 North Calvert Street, Baltimore, MD 21202
Phone:            Fax: (410) 333-4389