IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY W. REICHERT, | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-25-02946 |
| THOMAS J. FLECKENSTEIN, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jeffrey W. Reichert brings this legal malpractice and breach of fiduciary duty action against his former counsel, Defendants Thomas J. Fleckenstein and the Law Offices of Thomas J. Fleckenstein, P.C. (collectively "Defendants"). ECF 1. Defendants have filed a motion to dismiss, citing the statute of limitations. ECF 6. Plaintiff filed an opposition, ECF 10, and Defendants filed a reply, ECF 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Defendants' Motion will be GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

The facts contained in this section are derived from Plaintiff's Complaint and taken as true for purposes of this motion. Plaintiff retained Defendants in November, 2020 to represent him in a custody matter in Anne Arundel County, Maryland. ECF 1 ¶ 5. At that time, Plaintiff had full custody of his minor son as a result of a consent order entered in October, 2019, and Defendants consistently advised Plaintiff that "there was no way that custody could be changed." *Id.* ¶¶ 6–7.

In seven hearings between November, 2020 and February, 2022, Defendants failed to call as witnesses six individuals who were present at the hearings. *Id.* ¶ 9a. At those hearings, Defendants also spent excessive time in chambers with the judge and opposing counsel without adequately informing Plaintiff of what occurred. *Id.* ¶ 9b. In October, 2020, Plaintiff obtained a Temporary Protective Order for the child against his mother based on abuse he was enduring. *Id.* ¶ 9c. Defendants advised Plaintiff to allow the TPO to expire, erroneously stating that he already had full custody and that it would not be changed. *Id.* On June 18, 2022, Defendants abruptly cancelled a hearing that could have restored Plaintiff's custody, citing a medical emergency. *Id.* ¶ 9d. The cancellation prevented Plaintiff from seeing or speaking to his child for the entire summer of 2022. *Id.* And in late July/early August, 2022, Defendant abruptly withdrew from representation of Plaintiff just five weeks before the September, 2022 custody trial. *Id.* ¶ 9e.

Because Defendants failed to notice or conduct a deposition during the discovery period and failed to designate Plaintiff's therapist as an expert witness for the trial despite Plaintiff having spent thousands of dollars preparing the therapist as a witness. *Id.* ¶¶ 9f, 9g. following a six-day trial in September, 2022, Plaintiff lost all custody of his child. (the "Custody Order"). *Id.* ¶ 7. He has experienced severe emotional distress, reputational harm, and has incurred more than $900,000 in legal expenses trying to restore his parental rights. *Id.* ¶ 10.

## II.    LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c),

as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). A Rule 12(b)(6) motion may also appropriately seek to dismiss or strike from the complaint a form of relief, such as punitive damages, that the factual allegations in the complaint, even if true, do not support. *Marion v. Anchor Hocking, LLC*, 792 F. Supp. 3d 629, 633 (D. Md. 2025).

The statute of limitations is an affirmative defense that must be raised by a defendant, who also bears the burden of establishing the defense. Fed. R. Civ. P. 8(c); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). At the motion to dismiss stage, the court does not normally "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman*, 494 F.3d at 464.

### III.   ANALYSIS

Defendants claim that, in this case, facts alleged in the Complaint suffice to establish that Plaintiff's claims are barred by limitations. Under the Courts and Judicial Proceedings Article of the Maryland Code, a plaintiff must file a civil action "within three years from the date it accrues." Md. Code, Cts. & Jud. Proc. § 5-101. Plaintiff filed this action on September 5, 2025. ECF 1. Therefore, any claim accruing before September 5, 2022 would be time-barred. The statute of limitations in Maryland is strictly construed. *Decker v. Fink*, 47 Md. App. 202, 206 (1980).

Maryland's discovery rule provides that "a cause of action accrues at the time the claimant first knew or reasonably should have known of the alleged wrong." *Russo v. Ascher*, 76 Md. App. 465, 469 (1988). The plaintiff need not have actual notice of the alleged claim but must have

"knowledge of circumstances which would cause a reasonable person in the position of the plaintiffs to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged" injury. *O'Hara v. Kovens*, 305 Md. 280, 302 (1986). "Once on notice of one cause of action, a potential plaintiff is charged with responsibility for investigating, within the limitations period, all potential claims and all potential defendants with regard to the injury." *Doe v. Archdiocese of Washington*, 114 Md. App. 169, 188 (1997).

The parties here dispute how to define the injury. Plaintiff contends that he did not suffer "injury" until the entry of the Custody Order on September 6, 2022. At least as to many of Plaintiff's claims, this Court disagrees. Plaintiff's Complaint describes a number of actions taken by Defendants that are alleged to have (or inherently would have) caused immediate and obvious injury to Plaintiff before September of 2022. For example, Defendants' failure to call available witnesses at a series of hearings between 2020-2022 would have resulted in less favorable results at those hearings. Advising Plaintiff to dismiss his protective order in 2020 had immediate impacts on the legal relationship between Plaintiff's child and his mother. The harm from spending time with the judge and opposing counsel in chambers and failing to advise Plaintiff of the discussions would have been immediately obvious to Plaintiff as those incidents occurred. Cancelling the hearing in June, 2022 caused immediate injury to Plaintiff because he was unable to see his child during the summer once the hearing was removed from the calendar. And withdrawal of representation in July or August, 2022, with just five weeks remaining before trial, again, is an act with an immediately ascertainable impact and harm.

This Court agrees with Plaintiff, however, that as to his claims that Defendants failed to conduct depositions and failed to designate his therapist as an expert witness, the complaint does not demonstrate on its face that Plaintiff's claim accrued before September 5, 2022. Plaintiff

alleges vaguely, "It wasn't until the trial commenced, the Custody Order was issued and appealed, that Plaintiff was able to determine the extent of Defendant's gross negligence and malice." ECF 1 ¶ 9e. While this Court disagrees that the discovery rule would postpone accrual until the issuance and appeal of the Custody Order, it is not clear from the Complaint at what point Plaintiff learned that depositions had not been taken, that the expert witness designation had not happened, or that he would be unable to present certain evidence at his custody trial as a result. Even had Plaintiff paid monies to his expert witness prior to September 5, 2022, he would not have learned that those expenses were in vain until he learned that the trial judge had excluded the expert for failure to make the required designation. And the existence of the prior injuries caused by Defendants' other actions would not have put Plaintiff on notice of potential injury in these unrelated areas.

Thus, while it is clear from the Complaint that many of Plaintiff's alleged claims are time-barred because the actions and accompanying harms occurred and were known to Plaintiff before September 5, 2022, this Court cannot make the same finding at this stage as to the allegations that Defendants failed to conduct depositions and designate Plaintiff's therapist as an expert witness. The motion to dismiss is therefore denied as to those claims.

Finally, Defendants seek to dismiss Plaintiff's request for punitive damages. Punitive damages require a showing of "actual malice, in the sense of conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will, or fraud." *Montgomery Ward v. Wilson*, 339 Md. 701, 733 (1995). Although the complaint references "malice," *see* ECF 1 ¶ 9e, it contains no factual allegations that raise an inference of intentional wrongdoing, as opposed to mere negligence. Accordingly, this Court will dismiss the request for punitive damages.

5

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is denied as to Plaintiff's claims relating to failure to conduct depositions or designate an expert witness and granted as to all other claims and the request for punitive damages.

A separate Order follows.

Dated: January 20, 2026  /s/
Stephanie A. Gallagher
United States District Judge